# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ERIC MEADE** | : | **DOCKET NO. 18-cv-1384** |
| REG. # 17781-032 | | |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **RODNEY MYER** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus, and amendment thereto, filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Eric Meade. Meade is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

### I.
#### BACKGROUND

Meade brings this petition seeking expungement of a prison disciplinary proceeding and restoration of good conduct time, based on disciplinary proceedings that ended on February 1, 2018, at the Federal Correctional Institute at Morgantown, West Virginia. Doc. 1, att. 1. On that date, he claims, he was convicted of Prohibited Act Code 108, Possession of a Hazardous Tool or Other Electronic Device (Cellular Phone) and incurred sanctions including disallowance of 41 days of good conduct time. *Id.* Meade alleges that his right to due process was violated through the disciplinary proceedings, because the disciplinary hearing officer failed to interview a witness

who might have exonerated him and because the DHO's findings did not rest upon adequate evidence. *Id.* However, Meade fails to attach a copy of the DHO report.

## II.
## LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Section 2241*

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas challenge to a disciplinary proceeding, an inmate must show that the punishment intrudes on a liberty interest protected by the Constitution or some other law. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin v. Conner*, 115 S.Ct. 2293 (1995)). It is assumed that federal prisoners have a liberty interest in their accumulated good conduct time. *See, e.g.*, *Henson v.*

*Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Watkins v. Lnu*, 547 Fed. App'x 409, 410 (5th Cir. 2013) (unpublished). Thus, because a loss of good conduct time is involved in this proceeding, the Supreme Court's analysis in *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 105 S.Ct. 2768 (1985), governs our review. In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that on review, "some evidence" support the ruling. *Hill*, 105 S.Ct. at 2773–74; *Wolff*, 94 S.Ct. at 2978–80. In determining whether this final standard is met, we do not make an independent assessment of the credibility of witnesses or weigh the evidence. *Hill*, 105 S.Ct. at 2774. Instead, our review is "extremely deferential" and the disciplinary proceeding is overturned "only where no evidence in the record supports the decision." *Morgan v. Dretke*, 433 F.3d 455, 458 (5th Cir. 2005); *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). Finally, the BOP's failure to follow its own regulations and procedures does not, by itself, "establish a violation of due process, because constitutional minima may nevertheless have been met." *Jacques v. Bureau of Prisons*, 632 Fed. App'x 225, 226 (5th Cir. 2016) (unpublished) (quoting *Jackson v. Cain*, 864 F.2d 1235, 1251–52 (5th Cir. 1989)).

Meade does not provide the DHO report. Without the report, the court cannot determine what evidence the DHO relied on, and whether that reliance fell short of the standards announced above. Accordingly, we cannot determine whether there is sufficient merit to the petition to justify service on the respondent.

# III.
## CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Meade provide the court with a copy of the DHO report and any other documentation relevant to his claim, or with an explanation of why he cannot do so, within **30 days** of this order.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Meade at his last address on file.

**IT IS ORDERED** that Meade provide the required response within **30 days** of this order.

Failure to comply with this order may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Meade is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 23rd day of January, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE