UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ERIC MEADE** | : | **DOCKET NO. 18-cv-1384** |
| REG. # 17781-032 | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **RODNEY MYER** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Eric Meade. Meade is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana. He seeks habeas relief from disciplinary proceedings that occurred while he was incarcerated at the Federal Correctional Institution at Morgantown ("FCI Morgantown") and resulting disallowance of good conduct time.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

**I.**
**BACKGROUND**

The factual basis for Meade's claims is provided in our preceding Memorandum Order. Doc. 4. Upon review of Meade's petition, we concluded that we could not determine the merits of

his claims without reviewing the Disciplinary Hearing Officer's (DHO) report from the disciplinary proceeding he challenges. Accordingly, we ordered Meade to provide a copy of that report and he has complied. *Id.*; doc. 5.

Meade complains that he was denied due process through those proceedings because the DHO did not provide "any evidence" to support his finding that Meade had committed Prohibited Act Code 108, Possession of a Hazardous Tool (Cell Phone). Doc. 5; *see* doc. 5, att. 1. The DHO report records that Meade was charged with this offense after a cell phone was discovered at FCI Morgantown and forensic analysis showed that the phone had been used to contact a number associated with Meade. Doc. 5, att. 1, p. 2. At the DHO hearing Meade denied having anything to do with the cell phone and stated that he had given his mother's number to another inmate (Groom) because he owed Groom money. *Id.* Meade stated that he had provided Groom with the number so that Groom could direct his girlfriend to call Meade's mother and tell her where to send the money Meade owed. *Id.* at 3. The hearing was adjourned so that officials could attempt to interview Groom, who had been transferred to another facility. *Id.* at 2. It was then discovered that Groom had been released and so the interview was not conducted. *Id.*

The DHO proceedings resumed and the DHO found that Meade had committed the charged offense. In support of his conclusion he noted the contacts between the contraband cell phone and Meade's mother's phone number. *Id.* at 3. He then stated:

> The DHO considered your defense in which you deny using this cellular phone and claim that it was inmate Groom who used this phone in order to collect a debt you owed him; however, your claim could not be verified and the DHO believes you make this claim in an effort to have the charge against you dismissed. The DHO believes that if inmate Groom had truly used this phone as you claim, that you would have made this accusation at the previous stages of the discipline process so that this accusation could be investigated by the staff member assigned to conduct an investigation. Instead, you wait 15 days to present to any staff member your claim.

> It is clear in the incident report and the supporting documentation that this phone was used to contact a phone number which is only associated with you. The DHO believes that if any other inmate at FCI Morgantown had a reason to contact this same number, it would be reasonable to believe that that inmate would have also placed this number on their contact list. As you are the only inmate to which this phone number is associated with, you bear the responsibility for contacting this phone number with this cellular phone.

*Id.* The DHO then imposed sanctions, including loss of 41 days of good conduct time. Meade brings this action seeking reversal of the disciplinary adjudication and restoration of the good conduct time. Doc. 1.

## II.
## LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Application*

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448,

451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

In a habeas challenge to a disciplinary proceeding, an inmate must show that the punishment intrudes on a liberty interest protected by the Constitution or some other law. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin v. Conner*, 115 S.Ct. 2293 (1995)). It is assumed that federal prisoners have a liberty interest in their accumulated good-time credit. *See, e.g.*, *Henson v. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Watkins v. Lnu*, 547 Fed. App'x 409, 410 (5th Cir. 2013). Thus, because a loss of good-time credits is involved in this proceeding, the Supreme Court's analysis in *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 105 S.Ct. 2768 (1985), governs our review.

In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that on review, "some evidence" support the ruling. *Hill*, 105 S.Ct. at 2773–74; *Wolff*, 94 S.Ct. at 2978–80.

Meade maintains that his right to due process was violated because there was insufficient evidence to support the DHO's findings. As the Fifth Circuit has observed, "[w]e do not assess the weight of the evidence in our review of a prison disciplinary hearing. Rather, we only examine if the guilty finding 'has support of some facts' or any evidence at all.'" *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001) (quoting *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986)) (internal citations omitted). Revocation of good conduct time is not equivalent to a criminal

conviction, and so the burdens of proof at a criminal trial have no application to prison disciplinary proceedings. *Id.*

The link between Meade's mother's phone number and the cell phone provides sufficient evidence to sustain the disciplinary conviction, particularly when coupled with the DHO's findings as to Meade's credibility. To the extent that Meade would assert that the failure to interview Groom was a violation of his right to present evidence at the proceeding, this claim is also unavailing. A prisoner's right to call witnesses and present evidence at his hearing is not unbounded. *See Wolff*, 94 S.Ct. at 2979–80. Accordingly, a prison may limit an inmate's ability to call and confront witnesses without explanation. *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004). Though the record reflects that Meade did not request any witnesses, Groom's unavailability to even be called as a result of his transfer would not provide him with grounds for challenging the conviction.

### III.
#### CONCLUSION

For the reasons stated above, Meade's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

-6-

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    THUS DONE AND SIGNED in Chambers this 22nd day of February, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE